IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ROLENS and ) | |
| OILMAN'S PUMP & SUPPLY, INC., ) | |
| an Oklahoma Corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-CV-0084-JHP |
| ) | |
| AMERICAN FAMILY ) | |
| LIFE ASSURANCE COMPANY OF ) | |
| COLUMBUS, a foreign corporation, ) | |
| JACKY MCCOY, and ) | |
| CHRISTY DAVENPORT FITE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Remand [Doc. No. 15] and Defendant Jack McCoy's Response in Opposition [Doc. No. 17]. For the reasons detailed below, Plaintiffs' Motion to Remand is **GRANTED.**

## BACKGROUND

Plaintiffs originally filed this action in the District Court of Pittsburg County, Oklahoma, on January 25, 2013, Case No. CJ-2013-19, asserting claims against American Family Life Assurance Company ("AFLAC"), Jacky McCoy ("McCoy"), and Christy Davenport Fite ("Fite"). [Doc. No 2, Ex. 2]. In their Petition, Plaintiffs asserted the following claims seeking damages arising from an alleged failure to pay benefits: (1) Breach of Contract as to AFLAC; (2) Breach of the Covenant of Good Faith and Fair Dealing as to AFLAC; (3) Unjust Enrichment as to Fite; (4) Conversion as to Fite; and (5) Negligence as to McCoy. On March 1, 2013, AFLAC removed the case to this Court through the filing of a Notice of Removal as required under 28

U.S.C. §§ 1441 and 1446, contending, because the matter was essentially a claim for relief brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), this Court had jurisdiction over this action pursuant to 28 U.S.C. § 1331. [Doc. No. 2]. On April 1, 2013, Plaintiffs simultaneously filed a Motion to Dismiss AFLAC pursuant to Fed.R.Civ.P. 41(a)(2) [Doc. No. 14], which was subsequently granted by this Court [Doc. No. 18], and a Motion to Remand pursuant to 28 U.S.C. § 1447(c) [Doc. No. 15], contending that this Court lacks subject matter jurisdiction over this action due to AFLAC's dismissal.

## DISCUSSION

"[F]ederal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law-federal question jurisdiction-and controversies arising between citizens of different states-diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. Here, the issue is not whether this Court had subject matter jurisdiction at the time this action was removed; rather, the issue is whether this Court retained jurisdiction over this matter following AFLAC's dismissal from this action.

The Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the court may and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid by and through Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998). Specifically, the Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate*

*of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1165 (10th Cir.2004)(citing *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court's opinion in *United Mine Workers v. Gibbs,* compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726, 86 S.Ct. 1130. Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).

With dismissal of Plaintiff's ERISA claim, only state law claims remain at this early stage in the litigation, and the Court has "a powerful reason to choose not to continue to exercise jurisdiction.**"** *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988); *see* 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent

3

claims to state court[.]" *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991); *see also* 28 U.S.C. § 1447(c). Such claims are better litigated in state court. *See Carnegie–Mellon,* 484 U.S. at 350 n. 7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, this action is remanded to the District Court of Pittsburg County, Oklahoma.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand is **GRANTED.**

**IT IS SO ORDERED** this 6th day of May, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma