IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DAVID ROLENS and )
OILMAN'S PUMP & SUPPLY, INC., )
an Oklahoma Corporation, )
 )
    Plaintiffs, )
 )
v. ) Case No. 13-CV-0084-JHP
 )
AMERICAN FAMILY )
LIFE ASSURANCE COMPANY OF )
COLUMBUS, a foreign corporation, )
JACKY MCCOY, and )
CHRISTY DAVENPORT FITE, )
 )
    Defendants. )

**AMENDED OPINION AND ORDER**

Before the Court are Plaintiffs' Motion to Remand [Doc. No. 15] and Defendant Jack McCoy's Response in Opposition [Doc. No. 17]. Also before the Court is Plaintiffs' Motion to Dismiss American Family Life Assurance Company ("AFLAC") pursuant to Fed.R.Civ.P. 41(a)(2) [Doc. No. 14]. For the reasons detailed below, both Plaintiffs' Motion to Dismiss AFLAC and Plaintiffs' Motion to Remand are **GRANTED.**

**BACKGROUND**

Plaintiffs originally filed this action in the District Court of Pittsburg County, Oklahoma, on January 25, 2013, Case No. CJ-2013-19, asserting claims against AFLAC, Jacky McCoy ("McCoy"), and Christy Davenport Fite ("Fite"). [Doc. No 2, Ex. 2]. In their Petition, Plaintiffs asserted the following claims seeking damages arising from an alleged failure to pay benefits: (1) Breach of Contract as to AFLAC; (2) Breach of the Covenant of Good Faith and Fair Dealing as to AFLAC; (3) Unjust Enrichment as to Fite; (4) Conversion as to Fite; and (5) Negligence as to

McCoy. On March 1, 2013, AFLAC removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441 and 1446, contending, because the matter was essentially a claim for relief brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. [Doc. No. 2]. On April 1, 2013, Plaintiffs simultaneously filed a Motion to Dismiss AFLAC pursuant to Fed.R.Civ.P. 41(a)(2) [Doc. No. 14] and a Motion to Remand pursuant to 28 U.S.C. § 1447(c) [Doc. No. 15], contending that this Court lacks subject matter jurisdiction over this action. AFLAC did not file an objection to Plaintiffs' Motion to Dismiss AFLAC.

## DISCUSSION

**A. Dismissal Pursuant to Fed.R.Civ.P. 41(a)(2)**

A plaintiff who wishes to voluntarily dismiss its action but who cannot do so via notice or stipulation under Rule 41(a)(1) must seek an order of dismissal from the court. Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) authorizes the voluntary dismissal of a cause of action, but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the trial court and the motion is granted unless the opposing party will suffer legal prejudice. *See Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997); *see also Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the

litigation." *County of Santa Fe, New Mexico v. Public Service Co. of New Mexico,* 311 F.3d 1031, 1048 (10th Cir.2002).

After careful consideration of the factors set out by the Tenth Circuit, the Court finds no basis to conclude that AFLAC would suffer any legal prejudice if Plaintiffs' Motion to Dismiss AFLAC is granted at this early stage in the litigation. Accordingly, Plaintiffs' Motion to Dismiss AFLAC is granted.

**B. Motion to Remand**

"[F]ederal courts are courts of limited jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. Partnership—1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law-federal question jurisdiction-and controversies arising between citizens of different states-diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. Here, the issue is not whether this Court had subject matter jurisdiction at the time this action was removed; rather, the issue is whether this Court retained jurisdiction over this matter following AFLAC's dismissal from this action.

The Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the court may and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid by and through Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998). Specifically, the Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1165 (10th

3

Cir.2004)(citing *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court's opinion in *United Mine Workers v. Gibbs,* compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726, 86 S.Ct. 1130. Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).

With dismissal of Plaintiff's ERISA claim, only state law claims remain at this early stage in the litigation, and the Court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988); *see* 28 U.S.C. § 1367(c)(3). Indeed, "it is generally preferable for a district court to remand remaining pendent claims to state court[.]" *Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991); *see*

*also* 28 U.S.C. § 1447(c). Such claims are better litigated in state court. *See Carnegie–Mellon,* 484 U.S. at 350 n. 7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, this action is remanded to the District Court of Pittsburg County, Oklahoma.

## CONCLUSION

For the reasons stated above, both Plaintiffs' Motion to Dismiss AFLAC and Plaintiffs' Motion to Remand are **GRANTED.**

**IT IS SO ORDERED** this 8th day of May, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma